O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Construction Laborers Trust Fund for Southern California Administrative Company,**<br><br>    Plaintiff(s),<br><br>  v.<br><br>**LPM Concrete Cutting and Demo Inc.,**<br><br>    Defendant(s).<br>_____ | **CASE NO. SACV 09-915 DOC (ANx)**<br><br>**O R D E R IMPOSING CONTINUING SANCTIONS UPON LPM CONCRETE CUTTING AND DEMO, INC. AND LESLIE MORRISON** |

On January 11, 2010, this Court ordered Defendant LPM Concrete Cutting & Demo, Inc., formerly known as and doing business as LP Morrison Concrete Cutting & Demo, Inc. ("LPM") and its responsible managing officer and president Leslie Morrison ("Morrison") to appear before this Court on February 1, 2010, and show cause, if any, why an order should not be entered adjudging them guilty of failing and refusing to obey this Court's Interlocutory Order for Accounting, which the Court entered on October 29, 2009. The Court further instructed LPM and Morrison to submit an opposition, if any, no later than five (5) days before the February 1, 2010 hearing.

LPM and Morrison did not appear before the Court on February 1, 2010. Nor did LPM and Morrison submit an opposition at any time prior to the February 1, 2010 hearing. In light of

LPM and Morrison's continued failure to comply with the orders of this Court or provide the Court with good cause for such non-compliance, the Court finds LPM and Morrison in contempt of the Court's October 29, 2009 civil order for accounting. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence.") In addition, the Court considers sanctions appropriate unless and until LPM and Morrison make a good faith effort to correct their prior non-compliance. *See United States v. Ayers*, 166 F.3d 991, 995 (9th Cir. 1999) (upholding award of fines for contempt of an order enforcing an IRS summons); *SEC v. Elmas Trading Corp.*, 824 F.2d 732 (9th Cir. 1987) (holding that district court did not abuse its discretion in adjudging party in civil contempt and ordering him incarcerated until he produced the specified documents).

LPM and Morrison have not satisfied their burden to respond to this prima facie showing of contempt with evidence explaining their inability to comply with the Court's prior orders. *See United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548 (1983); *see also United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996). Nor have they attempted to satisfy this burden.

Accordingly, the Court hereby ORDERS as follows:

1. The Court finds LPM and Morrison in contempt of this Court's Interlocutory Order for Accounting and this Court's Order to Show Cause re Contempt;

2. LPM and Morrison shall have a seven (7) day grace period within which to comply with the Court's Interlocutory Order for Accounting and shall submit evidence of compliance for the Court's consideration on or before February 9, 2010;

3. In the event that LPM and Morrison fail to comply with Paragraph 2 of this Order, a daily fine of $500.00 shall be imposed upon each of them until they complete compliance with Paragraph 2 of this Order.

IT IS SO ORDERED.

DATED: February 2, 2010

_____
DAVID O. CARTER
United States District Judge